The opinion of the Court was delivered by
O’Neall, J.
The demurrer to the plaintiff’s replication is special, and the effect of the judgment below is to compel the plaintiff to amend, and reply with more certainty and fullness. This might have been done with far less injury and delay to the plaintiff than has been incurred by an appeal. But as he chooses to stand upon his legal rights, he has the right to do so, and it is our business to give him the benefit oí the law.
That the replication is defective, in every particular set down, as cause of demurrer, is so apparent, that it scarcely requires more than to be read.
Beyond all doubt, the replication should set out the attachment, which was of force after the final decree in Equity; it may be, if lost, that a more imperfect description would suffice than otherwise would be required.- If the attachment is in being, it should be set out with as much precision as any other matter of record.
A replication must answer the whole plea, when it professes to do so. It is true that there are cases where a party may reply to a part of a plea. (1 Ch. Plead. 611, et seq.) But this case does not fall within any of them. The defendant undertakes to *390 answer the plea, and then traverses only one allegation; this he could not do without confessing and avoiding the other allegations. These remarks sufficiently dispose of the replication, which has been scarcely attempted to be sustained. But it is said, admit the replication to be defective, the demurrer carries us back to the first fault in pleading, and the plaintiff, to excuse himself, puts his finger on the 3d plea, and says that it is defective, and therefore I claim judgment. I do not know that I can do better than refer to this case, (4 Strob. 438,) and cite, from page 444, my remarks on the 3d plea. “ As to the 3d plea, it alleges that, at the final decree on the appeal, there was no writ of attachment in force against Gidiere. If that be true, how can that plea be regarded as frivolous ? The plaintiff, by demurring to it, would have learned that judgment must have been given for the defendant. This is easiest shewn by supposing that after the Court of Equity made the order for the release of Gidiere, oh giving the bond in suit, and after its execution, the Court of Equity had set the attachment aside. What effect would that supposed case have on the defendant’s liability on the bond ? It is clear Gidiere could not have surrendered himself ‘ a prisoner to the sheriff under the attachment now in force against him,’ because the sheriff had no authority whereby he could receive or hold him in custody. For the attachment of force against him at the execution of the bond had ceased to be so. This being so, both he and his sureties would be discharged, for they are not held to perform conditions, which, by law, have been, since the execution of the bond, made impossible. It is true, that it is probable this supposed case may not exist; still, if it could, on demurrer to the 3d plea, the defendants would be entitled to the benefit of it. For they simply allege, that at the ending of the appeal, “ there was no writ of attachment in force against him,” (Gidiere), and the supposed case would come within their allegation. Such being a possible construction of the 3d plea, and which would make it good, as a perfect defence on demurrer, it follows it cannot be frivolous.” These remarks are decisive of the very matter now discussed before us, and unless the Court, at the second term ■ *391 after they were made, is disposed to recant the whole which was then said, I do not perceive how it can be expected by a retroact-ing demurrer, the party can obtain an advantage, which he feared to seek by a direct one.
The Court is still satisfied the plea is good, and it must be either traversed fully or confessed and avoided.
The motion is dismissed.
Wardlaw and Frost, JJ. concurred.
Evans and Withers, JJ. dissented.
Whitner, J. absent.

Motion dismissed.